**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff<br><br>v.<br><br>KENNETH GORDON WESCOTT,<br><br>　　　Defendant | Case No.: 2:14-cr-00085-APG-DJA<br><br>**Order Granting Motion to Exceed Page Limit and Denying Motions (1) to Vacate Sentence, (2) for an Evidentiary Hearing, and (3) for Discovery**<br><br>[ECF Nos. 540, 541, 542, 543] |

Defendant Kenneth Gordon Wescott filed a motion under 28 U.S.C. § 2255 (habeas motion) to vacate his sentence. ECF No. 542. Because his motion was not filed within the one-year limitation period commanded in 28 U.S.C. § 2255(f), he asks for equitable tolling of that period and moves for an evidentiary hearing to prove he qualifies for tolling. ECF No. 540. The government does not object to the timeliness of Wescott's habeas motion, so there is no need for an evidentiary hearing. ECF No. 549. Wescott's habeas motion fails to show that his appellate counsel was constitutionally ineffective. I therefore deny him habeas relief.

**I.　　LEGAL STANDARDS**

Claims that were not raised on direct appeal are procedurally defaulted and "may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice . . . or that he is actually innocent." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (simplified). Cause and prejudice may be satisfied if the petitioner's counsel was constitutionally ineffective. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Wescott contends in his motion that his appellate counsel was ineffective by failing to raise various arguments. To prevail, Westcott must prove that (1) his attorney's "representation

fell below an objective standard of reasonableness," and (2) his attorney's deficient performance prejudiced Wescott such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).  I must apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689.  To establish prejudice under *Strickland*, it is not enough for Wescott "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.  Rather, he must "first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them." *Smith v. Robbins*, 528 U.S. 259, 285 (2000).  If he satisfies that burden, he then must prove that, but for his counsel's unreasonable failures, "he would have prevailed on his appeal." *Id.*

Appellate counsel are afforded wide discretion in deciding what issues to raise in their briefs. *Id*. at 288 ("[A]ppellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal. . . . [I]t is still possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent."). *See also Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

/ / / /

/ / / /

/ / / /

## II. ANALYSIS

Wescott's motion asserts nine grounds to support his argument that his appellate counsel was constitutionally ineffective. The motion seeks to relitigate issues from the trial, couched in terms of counsel's failure to raise them on appeal.

Wescott contends in Ground 1 that his appellate counsel was ineffective by not arguing that I should have dismissed the superseding indictment because it did not charge an actionable crime. ECF No. 542 at 6. In Ground 2, he contends that his counsel should have argued that I erred in disallowing Wescott's proposed expert witness. *Id.* at 12. Wescott raised these issues on direct appeal. *United States v. Wescott*, 770 Fed. App'x 383, 384-85 (9th Cir. 2019). Thus, his appellate counsel was not ineffective because he did, in fact, make these arguments. And, Wescott cannot raise them again in his habeas motion. *United States v. Gibson*, 858 F. App'x 211, 212 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 1350 (2022) ("If the claims were raised in the direct appeal, then . . . they are barred.") (citation omitted). I thus deny these two grounds.

In Ground 3, Wescott contends his appellate counsel failed to argue on appeal that I erred by denying Wescott's request for *Brady* materials that would be contained in Detective Yurek's training records. ECF No. 542 at 25. Preliminarily, Magistrate Judge Hoffman, not I, denied Wescott's request for those files. ECF No. 95. Regardless, Wescott cannot demonstrate a *Brady* violation, let alone that appellate counsel was ineffective for not raising the issue on appeal. "To establish a *Brady* violation, the evidence must be (1) favorable to the accused because it is either exculpatory or impeachment material; (2) suppressed by the government, either willfully or inadvertently; and (3) material or prejudicial." *United States v. Fujinaga*, No. 19-10222, 2022 WL 671018, at *1 (9th Cir. Mar. 7, 2022) (simplified). Wescott did not appeal Judge Hoffman's decision. More importantly, he has never shown that the requested material would be favorable,

material, or prejudicial.  His conjecture, based on a report and a newspaper article, is not enough. ECF No. 542 at 26-27.  Finally, Wescott eventually relinquished this tactic when he agreed at trial that attacking Yurek's investigation would not be effective. ECF No. 455 at 15-17, 42-43. Thus, appellate counsel's decision to forego this issue was wise and not constitutionally deficient. *James v. Borg*, 24 F.3d 20, 27 (9th Cir. 1994) ("Counsel's failure to make a futile motion does not constitute ineffective assistance of counsel.").

Ground 5 contends that I erred by not allowing Wescott's standby counsel to speak during trial.  To the contrary, as summarized in the government's opposition, I often allowed standby counsel to speak at trial. ECF No. 548 at 10-11.  Wescott's motion does not identify a particular event where I denied standby counsel the ability to speak, but the government's opposition refers to one such instance. *Id.* at 11.  There, I disallowed counsel's attempt to object to testimony on Wescott' behalf, but counsel conferred with Wescott and Wescott raised no further objection on that point. ECF No. 454 at 227-28.  Appellate counsel's decision not to raise this issue was neither deficient nor prejudicial to Wescott.

Grounds 6 and 8 assert that appellate counsel was deficient for not arguing that Wescott was denied the ability to subject the government's case to "adversarial testing." ECF No. 542 at 31, 38.  These grounds repeat the contentions in grounds 2 (denying Wescott's expert witness) and 3 (denial of Yurek's training file).  Because grounds 2 and 3 have no merit, counsel was not ineffective for deciding not to re-cast them as "adversarial testing" claims on appeal.

Wescott contends in ground 7 that appellate counsel should have argued that I erred by excluding Wescott and his standby counsel from an *in camera* hearing with the prosecutor. *Id*. at 35-36.  But  I conducted no *in camera* (or *ex parte*) hearing with the prosecutor.  To the extent Wescott is referring to Magistrate Judge Hoffman's *in camera* inspection of a document Wescott

4

requested that the government produce, there is no evidence that Judge Hoffman conducted an *ex parte* hearing with the prosecutor on that issue.  Rather, Judge Hoffman inspected the document *in camera* and rendered his decision. ECF No. 94.  Because Wescott was not excluded from a hearing, his appellate counsel was not ineffective by not raising this factually incorrect issue.

In ground 9, Wescott contends his appellate counsel was deficient for not challenging as unconstitutional Wescott's supervisory condition that prohibits him from viewing adult pornography. ECF No. 542 at 43.  The Ninth Circuit has rejected constitutional challenges to that condition. *United States v. Gibson*, 856 F. App'x 727, 728 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 832 (2022) (adult pornography prohibition condition "does not violate [the defendant's] First Amendment rights").  Appellate counsel was not ineffective for not raising this argument that likely had little chance of success. *See Morrison v. Estelle*, 981 F.2d 425, 429 (9th Cir. 1992) ("Because Morrison's appellate counsel would not have been successful in arguing inadequate notice of a felony-murder charge, Morrison does not sustain his burden of proving ineffective assistance of counsel through the two-prong test set forth in *Strickland*.").

In ground 4, Wescott contends that his appellate counsel failed to communicate with him about the appeal. ECF No. 542 at 28.  Wescott acknowledges that appellate counsel must exercise professional judgment about what arguments to make. *Id.* at 28-29.  But he argues his appellate counsel "should have maintained contact and consulted with [Wescott] regarding the wording and other insights.  Had he done so, we would not be having this 28 U.S.C.S. (sic) §2255 motion before" the court. *Id.* at 29. *See also id*. at 29-30 ("Had [appellate counsel] done his work properly and professionally, he would have found and should have used the citations [Wescott] now uses.").  Wescott's complaint here is that his appellate counsel did not make the arguments that are now contained in his habeas motion.  But none of Wescott's grounds in his

5

habeas motion has merit.  So he has not shown any prejudice from his appellate counsel's alleged failure to communicate with him.  *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983) (defendant does not have "a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points").

Wescott has not shown that his appellate counsel was so constitutionally ineffective as to justify habeas relief.  I thus deny his habeas motion.

Finally, Wescott moves for permission to conduct discovery and to expand the record for his habeas motion. ECF No. 543.  Rule 6(a) of the Rules Governing § 2255 Proceedings provides that a "judge may, for good cause, authorize a party to conduct discovery . . . ."

> [W]here specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.

*Harris v. Nelson*, 394 U.S. 286, 300 (1969).  Wescott's habeas motion fails to demonstrate that he is entitled to relief.  And I see no reason to believe he could make that showing even by expanding the record through discovery.  There is no good cause to authorize discovery under Rule 6(a).  I therefore deny that motion.

### III.   CONCLUSION

I THEREFORE ORDER that Wescott's motion for an evidentiary hearing on equitable tolling **(ECF No. 540) is denied as moot**.

I FURTHER ORDER that Wescott's motion to exceed the page limit for his habeas motion **(ECF No. 541) is granted**.

I FURTHER ORDER that Wescott's motion to vacate his sentence **(ECF No. 542) is denied.**

I FURTHER ORDER that Wescott's motion for permission to conduct discovery and to expand the record **(ECF No. 543) is denied.**

I FURTHER ORDER that no Certificate of Appealability shall issue because reasonable jurists would not find my assessment of the constitutional claims debatable or wrong and the questions presented do not deserve encouragement to proceed further.

I FURTHER ORDER the Clerk to enter a separate and final judgment under Federal Rule of Civil Procedure 58(a) in this case and in the companion case 2:22-cv-2106-APG.

DATED this 30th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE